

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN GETER, individually and on behalf of others similarly situated, § § § | |
| Plaintiff, § | CIV. ACTION NO. 4-07CV-658-Y |
| -v- § § | COLLECTIVE ACTION COMPLAINT |
| RHINO MEDICAL STAFFING, LLC a/k/a RHINO MEDICAL SERVICES, PATRICK ESKEW, and JOE BRUNSON, § § § § § | |
| Defendants. § | |

PLAINTIFF'S ORIGINAL COMPLAINT – COLLECTIVE ACTION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Steven Geter and file this Plaintiff's Original Complaint – Collective Action.

I.
JURISDICTION

1.      This Court has original jurisdiction to hear this complaint and to adjudicate these claims under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

II.
PARTIES

2.      Plaintiff Steven Geter is an individual who resides in Lewisville, Texas, over the age of 18 years of age, and otherwise *sui juris*. In or about June, 2006, Geter became employed by Defendants as a Recruiter and remained in this job until October, 2007. By reason of such

employment, Geter was employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a). Further, Geter was personally engaged in commerce. The work Geter performed was directly related to the business conducted by Defendants in interstate commerce.

3. Plaintiff brings this action on behalf of himself and those current and former employees similarly situated to him, through the Defendants' enterprise, for compensation and other relief under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

4. Defendant Rhino Medical Staffing, LLC a/k/a Rhino Medical Services ("Rhino") is a domestic corporation with its principle place of business in Arlington, Texas. Rhino was an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

5. Defendant Patrick Eskew ("Eskew") was the owner and/or operator of Rhino during the applicable statute of limitations. Eskew was an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d). Eskew acted directly or indirectly in the interest of himself and the Defendants in relation to Plaintiff and the putative class. The actions of Eskew resulted in a tortuous injury to Plaintiff that occurred in the state of Texas. Eskew had control over the duties assigned and wages paid to the Plaintiff in the state of Texas. Texas has an interest in ensuring that its employees are compensated in accordance with the law and that its businesses are not subject to unfair competition from competitors who do not comply with the law.

6. Defendant Joe Brunson ("Brunson") was the owner and/or operator of Rhino during the applicable statute of limitations. Brunson was an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d). Brunson acted directly or indirectly in the interest of himself and the Defendants in relation to Plaintiff and the putative class. The actions of Brunson resulted in a tortuous injury to Plaintiff that occurred in the state of Texas. Brunson had control over the

duties assigned and wages paid to the Plaintiff in the state of Texas. Texas has an interest in ensuring that its employees are compensated in accordance with the law and that its businesses are not subject to unfair competition from competitors who do not comply with the law.

7. Defendants acted in all respects pertinent to this action as the agent of the other, carried out a joint scheme, business pan, or policy in all respects pertinent to this suit, and the acts of each are legally attributable to the other. The Defendants essentially operate as a single entity, and share resources and physical facilities.

### III.
### COLLECTIVE ACTION ALLEGATIONS

8. During the statutory period, Plaintiff and the similarly situated employees routinely worked as Recruiters for Defendants in excess of forty (40) hours per week without overtime compensation.

9. Defendants operate a medical staffing company.

10. Plaintiff and the similarly situated employees had the same job duties. They would place phone calls medical professionals in the attempt to get them to sign contracts with Defendants.

11. Nothing about their job exempts Recruiters from the overtime requirements of the FLSA. The FLSA requires these employees to be paid at a rate of one-and-one-half times their regular rate of pay for each hour worked over forty in a workweek.

12. Instead of being paid hourly with overtime, Recruiters were paid a base salary plus commission.

13. These practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., specifically § 206 and § 207(a)(1). As a result of these unlawful practices, Plaintiffs and the similarly situated employees suffered a loss of wages.

14. Defendants showed reckless disregard for the fact that their failure to pay their agents overtime compensation and minimum wages was in violation of these laws. Defendants were willful in violating the FLSA

## IV.
## JURY DEMAND

15. Plaintiffs exercise their right to a jury and tender the appropriate fee.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all Recruiters who are or were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid minimum wage for hours worked as agents during any portion of the statutory period or if they worked hours in excess of forty (40) in any week during the statutory period, but were not paid overtime compensation;

2. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

3. Judgment against Defendants that their violations of the FLSA were willful;

4. An equal amount to the overtime and minimum wage damages as liquidated damages;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

---

6. All costs and attorney's fees incurred prosecuting these claims;

7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8. Leave to amend to add claims under applicable state laws;

9. Injunctive relief enjoining future violations of the FLSA by Defendants of the type complained of by Plaintiffs; and

10. For such further relief as the Court deems just and equitable.

Respectfully submitted,
ROB WILEY, P.C.

By: _____
Robert J. Wiley
Texas Bar No. 24013750
Board Certified Specialist, Labor & Employment Law, Texas Board of Legal Specialization
3131 Turtle Creek Blvd., Ste. 310
Dallas, Texas 75219
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
rwiley@robwiley.com
Attorney for Plaintiffs

%JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Steven Geter

## DEFENDANTS
Rhino Medical Staffing, LLC, Patrick Eskew, Joe Brunson

(b) County of Residence of First Listed Plaintiff  Denton
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Tarrant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert J. Wiley, Rob Wiley, P.C., 3131 Turtle Creek Blvd., Ste. 310, Dallas, TX 75219 (214) 528-6500

Attorneys (If Known)
None Known.   4-07CV-658-Y

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Unpaid overtime/Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  10-30-07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # FW4554  AMOUNT 350  APPLYING IFP _____  JUDGE Y  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

## Civil Filing Notice - Fort Worth Division

CIVIL ACTION NO: __4-07CV-658-Y__

This case has been assigned to District Judge: _____

(Complete if applicable)
TRANSFERRED FROM: _____    DATE FILED: _____

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A) Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
| Even Cases: 850-6652  Odd Cases: 850-6653 | | |
| (Y) Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.